UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

LEERIC T. BESS                                    CASE NO. 3:20-CV-1078

VERSUS                                            JUDGE TERRY A. DOUGHTY

ANDREW SAUL, COMMISSIONER,            MAG. JUDGE KAREN L. HAYES
SOCIAL SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

On December 1, 2020, the court notified plaintiff Leeric Bess, who is proceeding pro se in this matter, that it was considering dismissing his case because he failed to perfect service of process within 90 days after filing suit.   (Dec. 1, 2020, Notice of Intent to Dismiss [doc. # 5]). The court granted plaintiff 14 days from the date of the order to perfect and file the return(s) of service, or to file evidence of good cause for his failure to timely perfect same.   *Id*.   To date, however, there is no indication in the record that the government has been served, nor has plaintiff explained to the court his failure to serve the government.

## Law and Analysis

In the absence of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court − on motion or on its own after notice to the plaintiff − *must dismiss* the action without prejudice against that defendant . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . ." Fed.R.Civ.P. 4(m) (emphasis added).   In the case *sub judice*, plaintiff neither provided any explanation for the lack of service, nor requested an extension of time to properly perfect service.

Accordingly, good cause is lacking.[1]

The undersigned further observes that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).   Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).   In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:   "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal that is effectively *with prejudice* are satisfied in this case.   As discussed above, plaintiff has ignored at least one court

---

[1]   "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"   *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990).   Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'"   *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

While the court is cognizant of plaintiff's pro se status, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

order.   Further, because plaintiff is proceeding in forma pauperis in this matter, he likely does not enjoy the financial resources to fund an alternative monetary sanction.[2]   Moreover, dismissal of the case may be the least sanction where, as here, plaintiff is not actively pursuing his cause of action.   Finally, plaintiff's unrepentant flaunting of court orders[3] reflects his own contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to him as a pro se litigant.   Accordingly,

IT IS RECOMMENDED that the instant complaint be DISMISSED, without prejudice. Fed.R.Civ.P. 4(m).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[2]   *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[3]   This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[4]   *See Millan, supra.*

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 12th day of January 2021.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE